**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

William and Elizabeth Gross,

Plaintiffs and Claimants,

v.

Richard Lurie, Francelyne Lurie, Adam Lurie, and Option Resources,

Defendants and Respondents.

Civil No. 00-2182 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Larry D. Espel, Esq. and Nancy E. Brasel, Esq., Greene Espel, 333 South Seventh Street, Suite 1700, Minneapolis, Minnesota 55402-2428 on behalf of Plaintiffs.

John R. Stoebner, Esq. and David A. Harbeck, Esq., Lapp, Laurie, Libra, Thomson & Stoebner, One Financial Plaza, Suite 2500, 120 South Sixth Street, Minneapolis, Minnesota 55402 on behalf of Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on September 28, 2000, pursuant to the Motion for Temporary Restraining Order, Preliminary Injunction, and Attachment filed by the Plaintiffs. For the reasons set forth below, the motion is granted in part and provisionally denied in part.

## Background

In 1996, William and Elizabeth Gross, the Plaintiffs, brought a successful suit against their former accountant, Richard Lurie, for fraud, conversion, and breach of fiduciary duty. On July 11,

FILED SEP 29 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

2000, judgment was entered against Mr. Lurie in the amount of $3,829,087.38. To date, Mr. Lurie has not paid any money to Mr. and Mrs. Gross. The Gross' current action is intended to attach accounts belonging to Francelyne Lurie, Mr. Lurie's wife, and Option Resources, a trading account established as a Delaware limited partnership in which Mrs. Lurie is a limited partner. The current action also requests attachment of a valuable collection of taxidermic specimens transferred by Mr. Lurie to his son Adam.

Plaintiffs outline numerous financial transactions dating from June 1998 through April 2000 between various accounts held jointly by the Luries and individually by Mrs. Lurie, Mr. Lurie, and entities such as Option Resources, Equity Conservation, Inc., E&R Partners, and Lurie and Associates, Inc. Plaintiffs assert that the transactions constitute fraudulent transfers and represent a scheme intended to divest Mr. Lurie and empty accounts in his name so that the pending judgment cannot be collected against him.

Equity Conservation, Inc., E&R Partners, and Lurie and Associates, Inc. have been characterized during the underlying action and through exhibits submitted in support and opposition to this motion as entities over which Mr. Lurie has substantial, if not exclusive, control. To date, Option Resources has been described as a trading account established as a Delaware limited partnership in which Mrs. Lurie has a 14% interest and for which Mr. Lurie acts as the investment strategist. Due to highly contested motions for discovery during both the current and underlying actions, Plaintiffs have had limited access to financial documents that likely could elucidate the actual nature of the transactions in question.

Defendants have rebutted the majority of Plaintiffs' characterizations of the financial transactions by explaining them as prior loans and subsequent repayments–transactions that would be exempt from attachment according to relevant state law. *See* Minn. Stat. §§ 513.41-51 (1981).

While both parties refer to the existence of a promissory note issued by Equity Conservation, Inc. in favor of Option Resources, no loan documents have been produced. Instead, the Defendants have relied upon reciprocal transfers reflected in various account statements as proof of the loans' existence. For example, the Plaintiffs list five transfers of money, totaling $61,099.73, from the Luries' joint securities account to an individual securities account belonging to Mrs. Lurie occurring from October 1999 through January 2000. Defendants characterize three previous transfers from Mrs. Lurie's account into the Luries' joint account occurring from March 1999 through July 1999 totaling $85,000 as a loan to meet financial needs of the family and the subsequent transfers cited by the Plaintiffs as merely repayment of the loan. Defendants purport that the remaining balance of $23,900.27 is still due and owing to Mrs. Lurie's account.

The same method of accounting has been used by the Defendants to explain transfers to and from the Option Resources account. Other transactions from Mr. Lurie's IRA, E&R Partners, and the Lurie's joint checking account to Mrs. Lurie and her securities account have been cited by the Plaintiffs and remain unexplained by the Defendants. However, the facts in support of the Plaintiffs' allegations and the Defendants' explanations are insufficient to paint the complete picture of the financial history of the Luries and entities over which Mr. Lurie has control and/or the Luries have an interest. Neither party has adequately traced the funds which are the subject of the action before the Court.

**Discussion**

Under Eighth Circuit precedent, a temporary restraining order or preliminary injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the restraining order. *See Dataphase Sys.,*

*Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Publishing Co. v. Mead Data Central, Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986), *cert. denied*, 479 U.S. 1070 (1987). The party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Given the circumstances of this case and the nature of the underlying action, the analysis of the first and third prongs of the aforementioned standard of review merge. Because Mr. Lurie was found to have defrauded Mr. and Mrs. Gross in the underlying action and Plaintiffs have now presented evidence of substantial financial transfers coupled with suspicious timing, there is a likelihood, absent significant evidence to the contrary, that the Plaintiffs will succeed on the merits. *See Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77 (2d Cir. 1996) (citing *Gelfand v. Stone*, 727 F. Supp. 98 (S.D.N.Y. 1989) for appropriateness of preliminary injunction when defendant perpetrates fraud to frustrate collection of judgment); Minn. Stat. § 513.47(a)(3) (providing under Minnesota Fraudulent Transfer Act for injunctive relief to prevent further fraudulent conveyances). In addition, the Plaintiffs will be irreparably harmed if Defendants are left free to transfer or otherwise consume further monies to avoid collection of the $3.8 million judgment.

The balance of harms weighs in favor of the Plaintiffs. While the Court recognizes the temporary inconvenience and limits on financial freedom imposed on the Defendants by such an action, the court concludes that the potential and permanent loss to the Plaintiffs is much greater and irreparable. The Plaintiffs have made a *prima facie* showing that there is substantial likelihood that the Defendant, Mr. Lurie, will dispose of assets and/or transfer funds beyond the reach of the Court, pending an evidentiary hearing or resolution of the matters before the Court.

Finally, the court's action will serve the public interest by prohibiting the frustration of the legal process. It is in the public interest that a judgment creditor should not have to expend additional resources to collect a judgment. *See Star Creations Inv. Co. v. Alan Amron Dev. Co.*, No. Civ. A. 95-4328, * 19 1995 WL 495126 (E.D. Pa. Aug. 18, 1995).

Accordingly, the Court concludes that it is appropriate to enter a temporary restraining order.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Attachment (Doc. No. 2) is **GRANTED IN PART** and **PROVISIONALLY DENIED IN PART** as follows:

a.. Francelyne Lurie and Richard Lurie are temporarily enjoined from transferring out any cash, securities, and other assets held in the Piper Jaffray account, number 100-465624-120 under the name of Francelyne Lurie.

b. Francelyne Lurie and Richard Lurie are temporarily enjoined from transferring out any cash, securities, and other assets held in the Piper Jaffray account, number 100-561852-120 under the name of Option Resources.

i. Richard Lurie may continue to exercise his functions as investment strategist in the normal course of business on behalf of the limited partnership, Option Resources, subject to 1(b) of this order. In addition, the Court orders that Mr. Lurie shall make a full accounting of all transactions occurring on or after September 28, 2000, involving cash, securities, and other assets held in Piper Jaffray account number 100-561852-120.

c. Richard Lurie, Francelyne Lurie, and Option Resources shall provide to the Plaintiffs a verified list of each account of any kind they held at the inception of the underlying lawsuit which was filed on December 18, 1996. The Defendants shall also provide verification and documentation of the balances in those accounts at the time the underlying lawsuit was filed. Further, the Defendants shall provide to the Plaintiffs, if they have not already done so, all existing accounts, with verification of balances in those accounts. The intent of this provision, consistent with the findings and conclusions of this Court, is to permit the Plaintiffs and the Court, if the matter is not resolved, to evaluate the number of accounts held by each respective party at the time the underlying lawsuit was filed, as compared to the accounts currently held by the Defendants and the balances of those accounts so that any transactional-transfer history may be established.

In the event the Defendants assert that any of this information is privileged or otherwise not subject to discovery, all such information shall be provided in an unredacted form to the Court for purposes of an *in camera* review.

d. Richard Lurie, Francelyne Lurie , and Option Resources shall provide to the Plaintiffs:

i. All documents reflecting any bank accounts, including any checking accounts, savings accounts, or other accounts for Equity Conservation, Inc. from January 1, 1990, to the present date, including, but not limited to, copies of all bank statements showing deposits, withdrawals or transfers, and copies of all checks, check registers, deposit slips, wire transfer records or information and other

records relating to any such accounts from January 1, 1990, to the present date.

ii. All documents contained in, relating to or reflecting any checking, securities or brokerage accounts for Option Resources, either individually or jointly with any other person or entity, from January 1, 1990, to the present date, including copies of all investor profiles, applications, loans, periodic statements or reports, deposit records, checks, check registers, withdrawal information, asset records, transfer documents, advances and any other similar information relating to any such accounts from January 1, 1990, to the present date.

iii. All documents contained in or relating to Piper Jaffray account number 100-561852-120, including copies of all investor profiles, applications, loans, periodic statements or reports, deposits, records, checks, check registers, withdrawal information, asset records, transfer documents, advances and any other similar information relating to any such accounts from January 1, 1990, to the present date.

iv. All documents reflecting any bank accounts, including any checking accounts, savings accounts, or other accounts for Octagon Investments from January 1, 1990, to the present date, including, but not limited to, copies of all bank statements showing deposits, withdrawals or transfers, and copies of all checks, check

registers, deposit slips, wire transfer records or information and other records relating to any such accounts from January 1, 1990 to the present date.

To the extent that this order does not reflect accounts for which records have been requested by the Plaintiffs in their "Lists of Documents to Be Produced" attached to subpoenas of Firstar Bank Records Custodian and Piper Jaffray Records Custodian dated September 11, 2000, and September 19, 2000, respectively, such records shall be produced pursuant to Mr. Lurie's previous agreement. *See* Affidavit of Richard Lurie, Sept. 21, 2000.

In the event the Defendants assert that the information is not subject to discovery or is otherwise privileged or confidential information, all of the documents ordered disclosed herein to the Plaintiffs shall be submitted to the Court in an unredacted form for *in camera* review.

e. If the Defendants have not already done so, they shall disclose any and all documentation to the Plaintiffs establishing what individual or individuals or other entities manage, own, or otherwise control Equity Conservation, Inc., E&R Partners, Option Resources, Octagon Investments, Inc., and Lurie & Associates, Inc.

f. This Order shall remain in effect until the evidentiary hearing scheduled for 9:00 a.m. on October 16, 2000, unless otherwise modified by the Court.

g. The Court hereby sets a bond in the above-entitled matter in the amount of $5,000.

h. The Court reserves the right to rule on the appropriateness of a preliminary injunction and attachment as requested by the Plaintiffs.

Dated: September 29, 2000

DONOVAN W. FRANK
Judge of United States District Court