**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

William Gross and Elizabeth Gross,

Plaintiff,

v.

Richard Lurie, Francelyne Lurie,
Adam Lurie, and Option Resources,

Defendant.

Civil No. 00-2182 (DWF/AJB)

**ORDER**

---

Larry D. Espel, Esq., Andrew Luger, Esq., and Nancy E. Brasel, Esq., Greene Espel, 1700 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for Plaintiffs.

John R. Stoebner, Esq. and David A. Harbeck, Esq., Lapp, Laurie, Libra, Abramson & Thomson, 120 Sixth Street South, Suite 2500, Minneapolis, MN 55402, counsel for Defendants.

---

The above-entitled matter came on for hearing before the undersigned United States District Court Judge on September 28, 2000, pursuant to Plaintiffs' motion for temporary restraining order, preliminary injunction, and attachment. The Court filed an Order on September 29, 2000. After an *in camera* review of records purported to be relating to ECI for the time period of 1990 through 2000, the Court filed a second Order on October 18, 2000. Defendants have filed objections to the October 18, 2000, Order. Plaintiffs have requested compliance with the Orders of the Court.

Based upon presentations of counsel, the Court having conducted an *in camera* review, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

NOV 06 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

1. Defendants' motion and request to not disclose the names of partners of Option Resources, L.P., other than those previously disclosed to Plaintiffs, namely Defendant Francelyne Lurie and Steven Mars is **DENIED**, provided that counsel for Plaintiffs comply in all respects with the Court's protective order filed on October 18, 2000. Defendants shall also disclose to the Plaintiffs the partnership agreement and other documents provided to the Court for its *in camera* review on November 2, 2000, which the Court has reviewed. This provision shall also be subject to the protective order filed on October 18, 2000. That with respect to the disclosure of the names of additional partners in Option Resources, L.P., until further order of this Court, Plaintiffs shall not only be subject to the protective order filed on October 18, 2000, but shall also be prohibited from contacting said partners or disclosing their identities to any third parties.

2. Defendants' motion and request to not disclose all documents relating to check No. 4313, dated April 16, 1996, is **GRANTED** to the extent that Defendants are granted permission to redact the identity of the party involved in the transaction. Further, with respect to the party involved in the transaction on check No. 4313, dated April 16, 1996, the identity of that entity, and that entity only, can be redacted from any other transaction contained in the Defendants' motion. That this provision shall be subject to the protective order of the Court filed on October 18, 2000.

3. That except to the extent that check No. 4240, dated December 27, 1995, and paid in May 1996; check No. 4344, dated May 14, 1996; check No. 4386, dated August 5, 1996; and check No. 4603, dated July 22, 1997, identifies the same entity noted in check No. 4313, the motion of Defendants to not provide or otherwise disclose these transactions is **DENIED**. To the extent they involve the same entity in check No. 4313, be it a deposit or a check, the identity of the entity

may be redacted by the Defendants prior to disclosure to the Plaintiffs. That this provision shall be subject to the protective order of the Court filed on October 18, 2000.

4. That except to the extent that the deposits of January 2, 1996, April 15, 1996, and August 6, 1996, relate to the entity identified in check No. 4313, dated April 16, 1996, the motion of the Defendants to not disclose all documents relating to these deposits is **DENIED**. To the extent that the entity noted is identified, that information may be redacted subject to the Plaintiffs complying in all respects with the protective order issued by the Court on October 18, 2000.

5. That in all other respects the prior orders of this Court, including the Orders of September 29, 2000 and October 18, 2000, shall remain in full force and effect.

Dated: November 3, 2000

DONOVAN W. FRANK
Judge of United States District Court