UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 00-2182 (DWF/AJB)

William and Elizabeth Gross,

Plaintiffs and Claimants,

vs.

Richard Lurie, Francelyne Lurie, Adam Lurie, and Option Resources,

Defendants and Respondents.

**ORDER**

Pursuant to the foregoing Stipulation,

**It is so ordered.**

Dated: December 8, 2000

BY THE COURT:

DONOVAN W. FRANK
Judge of United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 0:-2182 (DWF/AJB)

William and Elizabeth Gross,

Plaintiffs and Claimants,

vs.

**STIPULATION AND ORDER**

Richard Lurie, Francelyne Lurie, Adam Lurie, and Option Resources,

Defendants and Respondents.

**STIPULATION**

By and through their respective attorneys, Plaintiffs William and Elizabeth Gross, on the one hand, and Defendants Richard Lurie, Francelyne Lurie, Adam Lurie, and Option Resources, LP, on the other hand, hereby stipulate and agree as follows:

**WHEREAS,** the Court in the above-captioned action has issued an Order dated September 29, 2000, temporarily enjoining Francelyne Lurie and Richard Lurie from transferring out any cash, securities, and other assets held in the Piper Jaffray account, number 100-561852-120 under the name Option Resources; and

**WHEREAS,** the Court in the above-captioned action has issued an Order dated November 16, 2000, which, *inter alia*, attached, pursuant to Minn. Stat. Ch. 570, all funds held in all accounts of E & R Partners and Lurie & Associates, and attached funds up to the amount of $60,000 in Francelyne Lurie's bank account (No. 1-047–7127-5799) at U.S. Bank;

**WHEREAS,** the parties are actively engaged in good faith settlement negotiations and the entry of an Order approving this Stipulation will further enhance and facilitate such settlement negotiations;

FILED DEC 08 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WHEREAS**, the parties agree that it is in the best interests of all parties that E & R Partners and Lurie & Associates be permitted to use their respective bank accounts to pay ordinary business expenses, including mortgage payments, rent, employee compensation, and the like;

**WHEREAS,** the Court's September 29, 2000, Order further provides that Richard Lurie may continue to exercise his functions as investment strategist in the normal course of business on behalf of the limited partnership, Option Resources; and

**WHEREAS,** Richard Lurie, in operating Option Resources, desires to direct Option Resources to make the following payments totaling approximately $1,400.00 on a monthly basis using funds in its Piper Jaffray account: (i) payment to the American Stock Exchange; (ii) payment to Bridge Information Systems; (iii) payment to Options Price Reporting; and (iv) payment to the New York Stock Exchange; and

**WHEREAS,** in order to avoid any disputes or confusion, Plaintiffs and Defendants have now reached an agreement as to the procedure by which Richard Lurie may make the aforementioned payments on a monthly basis on behalf of Option Resources.

**IT IS THEREFORE STIPULATED AND AGREED AS FOLLOWS:**

1. Richard Lurie, acting on behalf of Option Resources, is hereby authorized to transfer the sum of one thousand four hundred dollars ($1,400.00) on or after the first business day of each Month beginning with December, 2000, and continuing through March 31, 2001 from Option Resources, LP's Piper Jaffray Account to its checking account to enable Option Resources, LP to make the following payments: (i) payment to the American Stock Exchange; (ii) payment to Bridge Information Systems; (iii) payment to Options Price Reporting; and (iv) payment to the New York Stock Exchange.

2. The payments identified in Paragraph 1 herein shall be considered to be in full compliance with the terms of the Court's September 29, 2000, Order, and Plaintiffs hereby consent to the making of such payments.

3. E & R Partners shall be permitted to use its bank account to pay ordinary business expenses, including mortgage payments, rent, employee compensation, and the like, and the previous order dated November 16, 2000, insofar as it attaches E & R's accounts shall be and hereby is stayed until December 31, 2000.

4. Richard Lurie is ordered not to request, cause to be made, or accept any compensation, distributions, or payments of any type from E & R Partners, either directed to himself, Francelyne Lurie or any of his affiliated businesses or accounts until December 31, 2000, or further order of the Court.

5. Lurie & Associates shall be permitted to use its bank account to pay ordinary business expenses, including rent, employee compensation, and the like, and the previous order dated November 16, 2000, insofar as it attaches Lurie & Associates's accounts shall be and hereby is stayed until December 31, 2000.

6. Richard Lurie is authorized to request, cause to be made, or accept compensation, distributions, or payments from Lurie & Associates in an aggregate amount not to exceed Fifteen Thousand Dollars ($15,000.00). If Richard Lurie desires any additional compensation, distributions, or payments from Lurie & Associates in excess of the aggregate amount of Fifteen Thousand Dollars, either directed to himself, Francelyne Lurie or any of his affiliated businesses or accounts, he must first provide five business days advance disclosure to Plaintiffs. If Plaintiffs dispute the appropriateness of any such compensation, distribution, or payments, Plaintiffs may show cause in a filing to be made within the five business day period

demonstrating why such compensation, distribution, or payments should not be allowed and, in the event of such a showing, the Court will consider whether to issue a further order.

7. Francelyne Lurie shall be permitted to utilize her U.S. Bank account (No. 1-047–7127-5799) in order to pay normal living expenses in an aggregate amount not to exceed Fifteen Thousand Dollars ($15,000.00). If Francelyne Lurie desires to pay any additional expenses in excess of the aggregate amount of Fifteen Thousand Dollars, she must first provide five business days advance disclosure to Plaintiffs. If Plaintiffs dispute the appropriateness of any such proposed payment of expenses, Plaintiffs may show cause in a filing to be made within the five business day period demonstrating why such proposed payment should not be allowed and, in the event of such a showing, the Court will consider whether to issue a further order.

8. The previous order of this Court dated November 16, 2000, insofar as it attaches Francelyne Lurie's U.S. Bank account (No.1-047–7127-5799) shall be and hereby is stayed until December 31, 2000.

9. This Stipulation and Order is subject to further modification by the Court upon motion by any of the parties hereto.

**SO STIPULATED,**

Dated: December 7, 2000

LAPP, LAURIE, LIBRA, THOMSON & STOEBNER, CHARTERED

By [signature]

John R. Stoebner (#140879)
David A. Harbeck (#238594)
One Financial Plaza
Suite 2500
120 South Sixth Street
Minneapolis, MN 55402
612/ 338-5815

Attorneys for Defendants

Dated: December 7, 2000

GREENE ESPEL P.L.L.P.

By [signature]

Larry D. Espel (#27595)
Andrew M. Luger (#189261)
Nancy E. Brasel (#266851)
Suite 1700
333 South Seventh Street
Minneapolis, MN 55402
612/ 373-0830

Attorneys for Plaintiffs